UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AHUD CHAZIZA,

                                    Plaintiff,

          v.

STAMMERJOHN, *et al.*,

                                    Defendants.

Case No. 3:17-cv-00247-MMD-WGC

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
WILLIAM G. COBB

## I.      SUMMARY

Plaintiff Ahud Chaziza, who is an incarcerated person and represented by counsel, brought this civil rights action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R"), recommending that the Court grant Defendants'[1] motion for summary judgment (ECF No. 29) and deny Plaintiff's motion for partial summary judgment (ECF No. 39). (ECF No. 44.) Plaintiff has filed an objection ("Objection") (ECF No. 45) and Defendants responded (ECF No. 46). The Court overrules Plaintiff's Objection and adopts the R&R.[2]

## II.      BACKGROUND

Plaintiff is an inmate in custody of the Nevada Department of Corrections ("NDOC"). The events giving rise to this case occurred while Plaintiff was housed at Lovelock Correctional Center ("LCC"). (ECF No. 9.)

On screening Plaintiff was allowed to proceed on two claims (Counts I and II) for alleged violations of his due process rights under the Fourteenth Amendment. (ECF No.

///

_____

[1]Defendants are Deputy Dwayne Deal, Associate Warden William Sandie and Correctional Caseworker Colette Stammerjohn.

[2]In addition to the R&R, the Court has considered the parties' briefs (ECF Nos. 29, 33, 37 (substantive duplicate of ECF No. 33), 39 (substantive duplicate of ECF Nos. 33 and 37), 41, 42, 43) and accompanying exhibits.

8 at 7; *see also* ECF No. 9 at 4, 10.) Plaintiff's claims are precisely that Defendants failed to properly calculate his statutory credits under NRS § 209.4465, and the 2007 amendments—Assembly Bill ("A.B.") 510—as well as case law interpreting the statute. (ECF No. 8 at 4–5; ECF No. 9 at 3–14.) His claims pertain to his underlying sentences. As to his first sentence, Plaintiff essentially contends that he should have received an additional 85 days of statutory credits under NRS § 209.4465 and thus his date of release was accordingly extended beyond expiration of his term in violation of the Fourteenth Amendment (Count I). (ECF No. 9 at 3, 9.) As to his second sentence, Plaintiff asserts that his parole eligibility deadline should have been advanced on the front-end resulting in an earlier parole eligibility date (Count II). (*E.g., id.* at 14.) He seeks monetary damages. (*Id.* at 17.)

Relevantly, it is undisputed that Plaintiff was arrested and has been in custody since October 18, 2006. (ECF No. 39 at 2.) In May 2009, Plaintiff was sentenced to 60 to 180 months for count 1—first degree kidnapping and a consecutive term of the same for count 2—robbery. (ECF No. 38-3 at 3.) On April 26, 2014, Plaintiff was discharged from the term imposed under count 1 and began serving his term under count 2. (*Id.*)

In December 2015, Plaintiff obtained a copy of his "Credit History by Sentence" and noticed that he had been credited for 10 days of statutory credits from October 17, 2006 through June 30, 2007, for a total of 85 days, instead of 170 statutory credits to which he believed he was entitled under A.B. 510.[3] (ECF No. 39 at 3 (making statement about obtaining copy which is not disputed).) Plaintiff filed various grievances regarding the application of his statutory credits in 2016 and 2017 to which Defendants responded. (ECF No. 29-4; ECF No. 38 at 3–5.)

Plaintiff first sought habeas relief in the Eleventh Judicial District Court of the State of Nevada in and for the County of Pershing ("State Court") in June 2016 regarding the

///

---

[3]*Cf.* 2007 Nev. Stat., ch. 525, § 20, at 3196, 2007 Leg., 74th Sess. (Nev. 2007) ("This section and sections 1 to 19, inclusive, and 21 of this act become effective on July 1, 2007.").

computation of his sentences. (ECF No. 38-3 at 2.) In the habeas proceedings, Plaintiff in gist stated the same two claims in this action. There, Plaintiff contended that NDOC violated, *inter alia,* his Fourteenth Amendment rights because it did not apply the full amount of statutory credits earned under NRS § 209.4465 to his first sentence. (ECF No. 38-3 at 2.) He additionally asserted that NDOC violated, *inter alia*, his Fourteenth Amendment rights because "it has not deducted the statutory credits earned from the minimums of his terms of imprisonment pursuant to NRS [§] 209.4465(7)(b)." (*Id.* at 3.) The State Court denied Plaintiff's habeas petition in its entirety on September 19, 2017. (*See generally* ECF No. 38-3.) The court concluded that there was no controversy as to count 1 because Plaintiff's term as to that count had expired. (*Id.* at 4 (also citing *Johnson v. Dir. Dep't Prisons*, 774 P.2d 1047, 1049 (Nev. 1989) for the proposition that "when [Petitioner] expired his sentence[], any question as to the method of computing th[at] sentence[] was rendered moot"). ) The State Court also rejected Plaintiff's contention— which he makes in this case[4]—that pursuant to *Garlotte v. Fordice*, 515 U.S. 39 (1995), he is still in custody as to count 1 because he is serving consecutive terms. (*Id.* at 4–5.) Concerning count 2, the State Court concluded that Plaintiff was not entitled to the application of statutory credits towards his minimum term of incarceration under the version of NRS § 209.4465(7)(b) applicable at the time of his crime because he was convicted of a category B felony—robbery. (*Id.* at 5–6.)

In February 2018, the State Court reconsidered its decision to deny Plaintiff's habeas petition in light of the Nevada Supreme Court's holding in *Williams v. Nev. Dep't of Corr., et al.*, 402 P.3d 1260 (Nev. 2017).[5] (ECF No. 29-6.) Upon reconsideration, the

---

[4](*E.g.*, ECF No. 33 at 13–14; ECF No. 45 at 4.)

[5]In *Williams*, the Nevada Supreme Court held:

NRS [§] 209.4465(7) provides that credits earned pursuant to NRS [§] 209.4465: (a) "[m]ust be deducted from [a prisoner's] maximum term" of imprisonment and (b) "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." The first part

State Court granted Plaintiff's petition in part and denied it in part. (*Id.*) The court maintained its holding regarding count 1—denied as moot. (*Id.* at 2.) As to count 2, the court found that Plaintiff was in fact entitled to statutory credits under NRS § 209.4465(7)(b) despite his robbery conviction and ordered that LCC recalculate Plaintiff's time served under count 2 within 30 days of its order. (*Id.* at 2–3.)

Before Plaintiff's credits were recalculated he had a projected eligibility date of April 26, 2019, and a projected sentence expiration date of February 17, 2021. (ECF No. 38-9 at 2, 7.) After his credits were adjusted, Plaintiff's parole eligibility date was determined to be February 6, 2016. (*Id.* at 3, 9.) NDOC accordingly added Plaintiff to the next available date for parole consideration. (*Id.* at 3; ECF No. 29-7 at 2.) In June 2018, Plaintiff was ultimately denied parole until his mandatory parole release date. (ECF No. 29-8; ECF No. 38 at 6.)

## III.   LEGAL STANDARD

### A.   Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

///

///

///

---

of subsection 7(b) establishes a general rule—that credits earned pursuant to NRS [§] 209.4465 apply to eligibility for parole. The second part of subsection 7(b) sets forth a limitation—the general rule does not apply if the offender "was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." Thus, if the sentencing statute did not specify a minimum sentence that had to be served before parole eligibility, credits should be deducted from a prisoner's minimum sentence, making an inmate eligible for parole sooner than he or she would have been without the credits.

402 P.3d at 1262.

In light of Plaintiff's Objection, this Court engages in *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R, the briefs and exhibits in this case, this Court finds good cause to adopt the R&R's recommendations.

**B.    Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

5

## IV. DISCUSSION

In the R&R, Judge Cobb found that Count I is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and that as to that count and Count II Plaintiff has no protected liberty interest to sustain this action under the Fourteenth Amendment. (ECF No. 44.) In his Objection, Plaintiff challenges both findings. (ECF No. 45.) The Court overrules Plaintiff's Objection.

### A. Count I

The Court agrees with Judge Cobb that Count I is *Heck*-barred.

In his Objection, Plaintiff argues multiple reasons why Count I is not *Heck*-bared. (ECF No. 45 at 3–5.) First, Plaintiff argues that NDOC amounts to a state "tribunal" which determined that his sentence was invalid by recalculating his sentence. (ECF No. 45 at 2.) Plaintiff cites no authority supporting a contention that NDOC is in effect a tribunal and therefore the Court rejects this argument.

Plaintiff next argues that his claim is not *Heck*-barred because he is only seeking damages—not seeking to have his sentence shortened—and pointing out that he can no longer challenge his sentence because it had expired. (ECF No. 45 at 2–3.) He also contends that he did not know he was wronged until after his sentence had expired. (*Id.*) In the R&R, Judge Cobb concluded that although Plaintiff only seeks damages, Plaintiff's claim is *Heck*-barred because a judgment in Plaintiff's favor would necessarily imply the invalidity of the duration of his confinement. (ECF No. 44 at 13–16.) Relying on *Muhammad v. Close*, 540 U.S. 749 (2004), Plaintiff contends that Judge Cobb's conclusion is in error because there are situations in which a plaintiff need not establish that his sentence has been invalidated to pursue relief under § 1983. (ECF No. 45 at 3–4.) Judge Cobb, however, concluded that *Muhammad* is inapposite because the plaintiff's challenge there had no consequences for his conviction or the duration of his sentence (ECF No. 44 at 14–15). *See id.* at 751.

As a preliminary matter, the Court agrees with Judge Cobb that Plaintiff implicitly challenges the duration of his sentence or confinement based on Plaintiff's contention that

6

his sentence expired later than it should have. The Court also agrees with Plaintiff that under *Garlotte* he is considered to be "in custody" as he is currently serving the second term of his consecutive prison sentences (ECF No. 33 at 13–14; ECF No. 45 at 4). *See Garlotte*, 515 U.S. at 46–47 (viewing consecutive sentences in the habeas context in the aggregate, "not as discrete segments"); *see also Wirth v. Baker*, No. 3:17-cv-00742-MMD-CBC, 2019 WL 2552204, at *3 (D. Nev. June 20, 2019) (reading *Garlotte* to mean that a petitioner maintains his in custody status when serving a consecutive term). This all leads, however, to the conclusion that Count I is *Heck*-barred. *See Heck*, 512 U.S. at 486–87 (holding that a state prisoner's damages claims that necessarily implied the invalidity of his conviction or sentence could not be maintained under § 1983 unless the prisoner proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). The Court finds that Plaintiff's first sentence has not been invalidated and thus Plaintiff cannot seek relief under § 1983. Accordingly, the Court will grant summary judgment to Defendants on Count I.

### B.    Count II

The Court also agrees with Judge Cobb that Plaintiff has no protected liberty interest to prevail on Count II,[6] which undisputedly concerns Plaintiff's contention that proper application of additional credits would have made his parole eligibility date sooner. (ECF No. 44 at 18–19.) Thus, Count II ultimately concerns parole eligibility (or right to a parole hearing).

To state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562

///

---

[6]The Court does not consider whether Plaintiff has a liberty interest as to Count I as Judge Cobb did because the Court found Count I to be *Heck*-barred.

U.S. 216, 219 (2011).[7] Generally, in Nevada, state prisoners do not have a liberty interest in the discretionary grant of parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

Nonetheless, Plaintiff argues that he has a liberty interest because the system of parole was authorized through the use of mandatory language and that there is a state-created liberty interest. (ECF No. 45 at 6–8.) The Court disagrees. *See* NRS § 213.10705 (stating that "[t]he Legislature finds and declares that the release or continuation of a person on parole or probation is an act of grace of the State. No person has a right to parole or probation . . . and it is not intended that the establishment of standards relating thereto create any such right or interest in liberty or property or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees"); *see also Anderson v. Cunningham,* 319 F. App'x. 706, 710 (10th Cir. 2009) (holding that a prisoner does not have a protected interest in earning good time credits because "under Colorado law, 'good time' credits are discretionary").

Additionally, under *Sandin v. Conner*, a state may create a liberty interest using mandatory language *only if* the state's action "will *inevitably* affect the duration of [a plaintiff's] sentence" or if there are prison conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484, 487 (1995). Here, the alleged miscalculation of Plaintiff's credit did not affect the duration of his sentence; it affected only when he would be considered for parole. To be sure, an earlier parole eligibility date does not inevitably invalidate the duration of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that

///

---

[7] *See also Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

speeding up *consideration* for parole does not necessarily imply the invalidity of the duration of the prisoner's sentence); *Klein v. Coblentz*, 132 F.3d 42 (Table),1997 WL 767538, *4 (10th Cir. 1997) (relying on *Sandin* to hold that, where good time credits applied under state law only to determining the prisoner's parole eligibility date and not to a sentence reduction, the loss of credits did not inevitably increase the duration of the sentence and there was no liberty interest giving rise to due process protections). Thus, the Court agrees with Judge Cobb's finding that Plaintiff has no protected liberty interest with respect to Count II.

In sum, the Court grants summary judgment in favor of Defendants and denies Plaintiff's motion for partial summary judgment because the Court concludes Count I is *Heck*-barred and Plaintiff establishes no protected liberty interest to maintain Count II.[8]

## V.  CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 44) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's Objection (ECF No. 45) is overruled.

It is further ordered that Defendants' motion for summary judgment (ECF No. 29) is granted for the reasons stated herein.

It is further ordered that Plaintiff's partial motion for summary judgment (ECF No. 39) is denied.

The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

DATED THIS 12th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[8]Because the Court adopts the recommended grounds for the granting of summary judgment, the Court does not address Defendants' alternative arguments. (*See, e.g.*, ECF No. 29 at 9–13.)

9